UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ENVIRONMENTAL HEALTH ADVOCATES,

Plaintiff,

v.

NUTRASKY, LLC,

Defendant.

Case No.  25-cv-10588-SK

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DECLINING TO RULE ON DEFENDANT'S MOTION TO DISMISS**

Regarding Docket Nos. 6, 14

This matter comes before the Court upon consideration of a motion to remand filed by Plaintiff Environmental Health Advocates, Inc. ("Plaintiff") and a motion to dismiss filed by Defendant NutraSky, LLC ("Defendant").  (Dkt. Nos. 6, 14.)  All parties have consented to the jurisdiction of the undersigned magistrate judge.  (Dkt. Nos. 9–10.)  The Court finds the motion suitable for disposition without oral argument and VACATES the hearing scheduled for February 23, 2026.  *See* N.D. Civ. L.R. 7-1(b).  Upon careful consideration of the parties' papers, relevant legal authority, and case record, the Court GRANTS Plaintiff's motion to remand and DECLINES TO RULE on Defendant's motion to dismiss for the reasons set forth below.

**BACKGROUND**

Plaintiff commenced this action against Defendant in San Francisco Superior Court, asserting a single cause of action: violation of California Health and Safety Code, § 25249.6 *et seq.* ("Proposition 65").  (Dkt. No. 1, Edwards Decl., Ex. A, Complaint ¶¶ 1–2.)  Section 25249.6 mandates that "[n]o person in the course of doing business shall knowingly and intentionally expose any individual to a chemical known to the state to cause cancer or reproductive toxicity without first giving clear and reasonable warning to such individual."  (*Id.* ¶ 2); Cal. Health & Safety Code § 25249.6.

The following factual allegations from Plaintiff's complaint are accepted as true for purposes of this motion. Defendant manufactures, imports, sells, and/or distributes dietary supplement products, including but not limited to "Nourishher-Greens and Superfood Powder" containing lead in violation of section 25249.6 *et seq*. (Dkt. No. 1, Edwards Decl., Ex. A, Complaint ¶¶ 1, 15.) Lead is a chemical subject to the "clear and reasonable warning" requirements of Proposition 65. (*Id.* ¶ 3.) Defendant, specifically, knowingly failed to warn consumers and individuals in California about potential exposure to lead through its dietary supplement products, which has and continues to cause "irreparable harm" through ingestion. (*Id.* ¶¶ 16, 17, 19, 22.)

More than sixty days prior to filing suit, Plaintiff issued Notices of Violation ("NOV") to Defendant and public enforcement agencies, informing them of its allegations against Defendant, as required under Proposition 65. (*Id.* ¶ 20); Cal. Health & Safety Code § 25249.7(d)(1). Defendant's conduct has continued since receipt of Plaintiff's notice, and public agencies provided with the notice failed to initiate prosecutions against Defendant for its conduct. (Dkt. No. 1, Edwards Decl., Ex. A, Complaint ¶¶ 15, 21.)

On October 15, 2025, Plaintiff filed its complaint in San Francisco Superior Court under Proposition 65's private attorney general provision, which allows for private enforcement actions in the public interest. (*Id.* at p. 4); Cal. Health & Safety Code § 25249.7(b). Plaintiff seeks civil penalties of $2,500 per day per violation, preliminary and permanent injunctive relief, and attorney's fees and costs. (*Id.*) On November 11, 2025, Plaintiff served a copy of the Summons and Complaint on Defendant. (Dkt. No. 1, Edwards Decl., Ex. F.)

On December 10, 2025, Defendants removed this action to federal court based on diversity subject matter jurisdiction. (Dkt. No. 1, p. 1.) Defendant subsequently moved to dismiss Plaintiff's Complaint for lack of personal jurisdiction. (Dkt. No. 6.)

/ / /

/ / /

/ / /

/ / /

United States District Court
Northern District of California

2

Plaintiff filed a motion to remand on the grounds that this Court lacks subject matter jurisdiction because Plaintiff lacks standing to pursue its Proposition 65 private enforcement action in federal court.[1]  (Dkt. No. 14.)  The parties filed briefing for both motions, which are currently pending before this Court.  (Dkt. Nos. 15, 17–19.)

**ANALYSIS**

**A. Legal Standard: Motion to Remand for Lack of Subject Matter Jurisdiction.**

A defendant may remove a civil action filed in state court to federal court if the federal court would have originally had subject matter jurisdiction over the action.  28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").  If, however, "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  The removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  Indeed, federal courts must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance."  *Id.* (citations omitted).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (cleaned up).

Article III limits the subject matter jurisdiction of federal courts to "Cases" or "Controversies."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992).  As with removal generally, the defendant bears the burden of establishing the existence of a case or controversy under Article III, including "the core component of standing."  *See id.* at 561 (holding that the party seeking to

---

[1] In its opposition to Plaintiff's motion to remand, Defendant references an attached exhibit—Exhibit A. (Dkt. No. 18.) The Court construes Defendant's reference to and inclusion of this exhibit as a request for judicial notice.  Plaintiff did not oppose Defendant's reference to or inclusion of an exhibit.  A court may take judicial notice of a fact "not subject to reasonable dispute" because it either (1) "is generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The Court DENIES Defendant's request for judicial notice because Exhibit A cannot be "accurately and readily determined from sources whose accuracy cannot be questioned."

United States District Court
Northern District of California

invoke federal jurisdiction bears the burden of establishing standing) (internal citations omitted).

**B. Plaintiff's Motion to Remand.**

Plaintiff argues that this Court lacks subject matter jurisdiction because Plaintiff lacks standing to bring a Proposition 65 private enforcement action in federal court. (Dkt. No. 14, p. 1.) Specifically, Plaintiff asserts that Defendant fails to meet its burden in establishing that Plaintiff suffered a concrete injury in fact. (*Id.* at p. 9.) In addition, Plaintiff argues that it does not have information or assignee standing.[2] (Dkt. No. 19, pp. 2–4.)

**1. Article III Standing.**

As the party invoking federal jurisdiction, Defendant must demonstrate that Plaintiff "(1) suffered an injury in fact[3], (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, *as revised* (May 24, 2016) (internal citations omitted) (establishing the "irreducible constitutional minimum" of standing).

**a. Injury in Fact.**

Here, Defendant has failed to demonstrate that Plaintiff suffered an injury in fact. Plaintiff states that it does not allege it "suffered any concrete, particularized, actual harm from Defendant's products." (Dkt. No. 19, p. 2.) Indeed, Plaintiff brought this action "in the public interest of the citizens of the State of California," alleging that Defendant "failed to provide a clear and reasonable warning" to a non-particularized group of "consumers and individuals in California who may be exposed to lead through reasonably foreseeable use of [Defendant's] [p]roducts." (Dkt. No. 1, ¶¶ 1, 16.) Plaintiff further alleges that Defendant's products "expose" unspecified individuals "to lead through direct ingestion," and that "individuals exposed to lead contained in

---

[2] Because the Court finds that Defendant has not met its "burden of establishing that removal is proper," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992), the Court does not reach the parties' dispute regarding whether public policy weighs in favor of denying Plaintiff's motion to remand.

[3] Unlike federal court, in state court, where Plaintiff originally filed its Complaint, "[p]rivate citizens bringing Proposition 65 suits 'need not plead a private injury and instead are deemed to sue in the public interest'; a private enforcer need not allege an actual injury to any individuals under Proposition 65." *Brimer*, 2012 WL 13080724, at *4 (quoting *Nat'l Paint & Coatings Ass'n v. California*, 68 Cal. Rptr. 2d 360, 362 (Ct. App. 1997)); *see also DiPirro v. Bondo Corp.*, 62 Cal. Rptr. 3d 722, 748 (Ct. App. 2007) (Prop 65 "does not have a standing requirement").

[Defendant's] [p]roducts through direct ingestion … have suffered and continue to suffer irreparable harm." (*Id.* at ¶¶ 17, 22.)

Plaintiff's Complaint does not contain allegations that Plaintiff suffered any concrete harm due to Defendant's failure to include a Proposition 65 warning label on its products. *See e.g.*, *Keep Am. Safe & Beautiful v. Taylor Made Grp., LLC*, No. 24-CV-00537-RFL, 2024 WL 2853973, at *1 (N.D. Cal. May 7, 2024) (no injury in fact where non-profit corporation brought suit in the public interest and did not allege it suffered any concrete injury due to the defendants' failure to include a Proposition 65 warning label on their product); *Env't Rsch. Ctr., Inc. v. Premier Health, LLC*, No. 21-CV-06509, 2021 WL 5086053, at *1 (N.D. Cal. Nov. 2, 2021) (no injury in fact where non-profit corporation brought a Proposition 65 private enforcement action in the public interest and did not "allege it ever ingested, was exposed to, or was harmed by defendant's products"); *Brimer v. Amash Imports, Inc.*, No. C11-5291 EMC, 2012 WL 13080724, at *5 (no injury in fact where the complaint contained "no allegations that Plaintiff ha[d] ever used or been exposed to any of Defendants' products, nor that he has ever suffered harm from such use or exposure").

Furthermore, the Complaint contains no allegations that Plaintiff or any specific individual used or was exposed to Defendant's products. *See Brimer*, 2012 WL 13080724, at *5 (no injury in fact alleged because (1) the complaint allegations were not related to the plaintiff or any person in particular, and (2) the allegations contained in the plaintiff's notice of violation were not included in the complaint and did not allege that anyone came into contact with the defendants' products).

### b. Informational Injury.

Defendant argues that "Proposition 65 creates informational standing by establishing an informational right." (Dkt. No. 18, p. 6.) Defendant contends that Plaintiff has informational standing because Plaintiff "allegedly has been denied statutorily required information that has resulted in or will result in ingestion of [Defendant's] Product[s] and irreparable harm." (*Id.*)

Proposition 65 provides that "[n]o person in the course of doing business shall knowingly and intentionally expose any individual to a chemical known to the state to cause cancer or reproductive toxicity without first giving clear and reasonable warning to such individual." Cal.

Health & Safety Code § 25249.6.  A plaintiff suffers an informational "injury in fact" when "the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute."  *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 21 (1998); *see e.g., Fed. Election Comm'n*, 524 U.S. at 21–25 (the government's refusal to compel disclosure of information about a political group, as assertedly required by the Federal Election Campaign Act, constituted a concrete Article III injury);  *Pub. Citizen v. U.S. Dep't of Just.,* 491 U.S. 440, 449 (1989) (failure to obtain information subject to disclosure under Federal Advisory Committee Act "constitutes a sufficiently distinct injury to provide standing to sue"); *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 373–374 (1982) (deprivation of information about housing availability constitutes "specific injury" permitting standing).

Here, Plaintiff does not allege adverse effects from the failure to receive a Proposition 65 warning.  "An asserted informational injury that causes no adverse effects cannot satisfy Article III."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 442 (2021) (internal citations omitted).  In *Akins* and *Public Citizen*, which Defendant cites as support for its argument that Plaintiff has "informational standing," the plaintiffs identified consequential harms from the failure to disclose the contested information.  In *Akins*, the voters alleged that the information "would help them (and others to whom they would communicate it) to evaluate candidates for public office."  524 U.S. at 21.  Similarly, "[t]he advocacy organizations in *Public Citizen* alleged that they needed the information to 'participate more effectively in the judicial selection process.' "  *Trichell v. Midland Credit Mgmt.*, Inc., 964 F.3d 990, 1104 (11th Cir. 2020) (quoting 491 U.S. at 449).

Because Plaintiff has not alleged "downstream consequences" that it suffered from failing to receive the purported required information, Plaintiff did not suffer an "informational injury."  *See TransUnion*, 594 U.S. at 442.  A "bare procedural violation, divorced from any concrete harm ... does not suffice for Article III standing."  *Id.*, 594 U.S. at 440 (quoting *Spokeo*, 578 U.S. at 341; *see also Env't Rsch. Ctr. v. Heartland Prod.*, 29 F. Supp. 3d 1281, 1284 (C.D. Cal. 2014) ("[A] private citizen Proposition 65 plaintiff in federal court must allege more than a bare violation of § 25249.5 or § 25249.6 to establish the existence of an Article III injury.").

### c.  Assignee Standing.

Defendant argues that Plaintiff has Article III standing as an assignee of the State of

California's claims. (Dkt. No. 18, p. 7.) Defendant asserts that, because Proposition 65 "allocates a quarter of recovered civil penalties to prevailing private enforcers," Plaintiff has a concrete interest in the outcome of the suit. (*Id*.)

The Court concludes that Defendant has failed to demonstrate that Plaintiff has Article III standing as an assignee of a claim that could be brought by the State of California. First, a plaintiff does not have an "individual property right at stake in a Proposition 65 action," which "is not altered by the potential for an individual to share in any penalties recovered." *Consumer Advoc. Grp., Inc. v. ExxonMobil Corp.*, 86 Cal. Rptr. 3d 39, 53–54 (Ct. App. 2008); *see also Hendry v. Bushnell Outdoor Prod., Inc.*, No. G054112, 2018 WL 3967829, at *5 (Ct. App. Aug. 20, 2018) ("[T]he thrust of Prop. 65 is the protection of the public, not the personal gain of a private plaintiff.").

Moreover, Plaintiff does not have standing as a qui tam assignee of the State of California's claims. Defendant attempts to analogize Proposition 65 to federal qui tam statutes. (Dkt. No. 18, p. 7.) A federal qui tam relator "has standing to assert the injury in fact suffered by the assignor." *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 773 (2000). If the State of California were the real party in interest, however, no diversity jurisdiction would exist, which is the basis of Defendant's removal. *See Env't Rsch. Ctr., Inc. v. Hotze Health Wellness Ctr. Int'l One, L.L.C.*, No. 18-CV-05538-VC, 2018 WL 11277666, at *1 (N.D. Cal. Dec. 21, 2018) (granting motion to remand and noting that standing as a qui tam assignee of the State of California's claims under *Stevens* "raises significant concerns that California is the real party in interest to this case, such that there is no diversity jurisdiction.") (internal citations omitted); *Env't Rsch. Ctr.*, 29 F. Supp. 3d at 1284 (declining to analogize Proposition 65 to federal qui tam statutes and noting that "a state is not a citizen for purposes of diversity jurisdiction") (citing *Moor v. Alameda County,* 411 U.S. 693, 717 (1973)).

### CONCLUSION

Because Defendant has failed to establish that Plaintiff has Article III standing and because any doubt as to the right of removal is resolved in favor of remand, the GRANTS Plaintiff's motion to remand for lack of subject matter jurisdiction. *Gaus*, 980 F.2d at 566. Accordingly, the Court DENIES Defendant's request for discovery on the issue of Article III standing. Such

United States District Court
Northern District of California

discovery is not warranted because Plaintiff has not alleged harm and has no obligation to do so. *See Brimer*, 2012 WL 13080724, at \*5 ("The fact that Plaintiff or other citizens *could* allege harm does not confer standing.")  (citations omitted) (emphasis in original).

Because the Court GRANTS Plaintiff's remand motion, it DECLINES TO RULE on Defendant's motion to dismiss for lack of personal jurisdiction.  *See id.*  (granting a motion to remand and declining to rule on a motion to dismiss for lack of personal jurisdiction); *As You Sow v. Sherwin-Williams Co.*, No. C–93–3577–VRW, 1993 WL 560086, at \*4 (N.D. Cal. Dec. 21, 1993) ("Because the court has remanded the action to state court and, thus, no longer has subject-matter jurisdiction over the case, the court DECLINES to rule on the motion to strike.").  The Court HEREBY REMANDS this action to the San Francisco Superior Court.  The Clerk is instructed to transfer the file.

**IT IS SO ORDERED**.

Dated: February 18, 2026

SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

8